WILLARD H. ELDREDGE, ADMINISTRATOR, (ESTATE OF
LOUIS WILLIAM ELDREDGE) ET AL. *vs.*
F. WELLS GEER ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 4th, 1932—decided January 10th, 1933.

*Perry J. Hollandersky* and *Foster K. Sistare,* with whom was *Charles V. James,* for the appellant (plaintiff).

*Arthur T. Keefe,* for the appellee (defendant L. E. McLaughlin, Incorporated).

MALTBIE, C. J.   The plaintiff administrator brought this action to recover damages for the death on December 22d, 1930, of his decedent as the result of being struck by an automobile truck operated by the defendant Geer who was alleged to have been the agent and servant of the defendant L. E. McLaughlin, Incorporated, acting at the time within the scope of his employment.   The trial court instructed the jury to bring in a verdict in favor of the Company, but submitted to them the issues involving the liability of Geer.   The jury returned a verdict in favor of the Company as instructed, but against the defendant Geer.   The plaintiff moved to set the verdict in favor of the Company aside and from the denial of his motion has appealed.

The jury might reasonably have found the following facts: The truck was loaded with gravel.   Geer was on his way to a place in New London where the Company was engaged in constructing a building. The gravel had come from a piece of land from which Geer had by arrangement with the owner been taking and selling sand and gravel for some years, but upon which shortly before the accident the Company had

taken an option of purchase and for the purchase of which it had later entered into a written agreement with the owner. Geer and McLaughlin, the managing executive of the Company, had, before the accident, been discussing going into business together. After the accident, McLaughlin filed a certificate of organization of a corporation, The Southern New England Contractors Supply Company. Geer, early in January, 1931, became a stockholder in this company, transferring to it all the equipment previously used by him in his sand and gravel business. On the same day the agreement for the purchase of the land was made, Geer gave the McLaughlin Company a bill of sale of two trucks, one of which was that which ran into the decedent. In January, 1931, the deed of the land was finally executed and delivered to the Supply Company, and the two trucks, with a third for which the McLaughlin Company had also received a bill of sale from Geer, were transferred to the Supply Company. After January 1st, 1931, Geer became an employee of that company.

From these facts the plaintiff claims that the jury might have reasonably drawn the inference that at the time of the accident Geer was acting as the agent of the Company in taking gravel from the bank to the place where it was constructing its building. Standing by themselves they might afford some basis for such an inference. But they do not stand alone. Not only does the direct testimony point very clearly to the fact that, after the McLaughlin Company secured the option for the purchase of the lot whence the sand and gravel came, Geer paid the Company for the sand and gravel he took from it, but this testimony is clearly supported by the documentary evidence offered by the defendant. In connection with the bill of sale of the two trucks to the Company,

must be considered a conditional bill of sale given back to Geer by it at the same time, also in evidence, explainable only upon the theory developed in the defendants' evidence that the whole transaction was security to the Company for certain indebtedness of Geer to it. That the conversations between Geer and McLaughlin as to their becoming jointly interested in a corporation to be formed did not result in any final agreement until after the accident, as both Geer and McLaughlin testified, is strongly corroborated by the certificate of incorporation of the Supply Company, which did not name Geer as an incorporator, and by the fact that he became a stockholder only after its organization. All the direct evidence is to the effect that at the time of the accident Geer was engaged in delivering sand upon his own account and not in any way on account of the Company, and that testimony is corroborated in most of its essential respects by documentary evidence. Upon the whole evidence, we agree with the trial court that the jury could not have reasonably reached a conclusion that Geer was at the time of the accident the agent of the Company.

There is no error.

In this opinion the other judges concurred.